# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

October 6, 2022

*Via Electronic Filing*
The Honorable Ronnie Abrams, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

     Re: *Medina v. Capodanno Properties LLC et al*
       Case No.: 1:22-cv-05449-RA

Dear Honorable Judge Abrams:

  This law firm represents Plaintiff Lorie Medina (the "Plaintiff") in the above-referenced matter.

  Pursuant to Your Honor's Individual Motion Practice Rules 1(A) and 1D, this letter respectfully servers as a response to Your Honor's September 30, 2022 Order [Dckt. No. 6].

  As set forth more fully below, good cause exists to extend Plaintiff's time to serve defendants Capodanno Properties LLC, Waterfront Cafe Inc. and John Toto (collectively, the "Defendants") pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 4(m) to, through and including, October 28, 2022.

  Where, as here, "effective service can [(and will)] likely be completed" dismissing the action at this juncture would "burden[] the parties with additional expense and delay and postpone[] the adjudication of the controversy on its merits". *Onewest Bank N.A. v. Louis*, 2016 WL 3552143, at *7 (S.D.N.Y. 2016), *report and recommendation adopted*, 2016 WL 4059214 (S.D.N.Y. 2016).

### I. Legal Standard for an Extension of Time for Service

Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

  Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id.*[1]  Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx.

---

[1] "Good cause ... is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Id.* (citing *Feingold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D.N.Y. 2003)).

21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)). "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties…and whether there is a 'justifiable excuse' for the failure properly to serve."

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id*. (citation omitted).

### II. Good Cause Exists to Extend Plaintiff's Deadline to Serve Defendants, and to Permit Service to be Accomplished via Alternative Means

In the instant case, Plaintiff's process servers have attempted to serve Defendants at the business address located at 809 Father Capodanno Blvd., Staten Island, NY 10305 (""Joe & John Toto's Restaurant & Bar"). Plaintiff has recently learned that Joe & John Toto's Restaurant & Bar is no longer operating.

Plaintiff is in the process of locating the whereabouts of the individual defendant's personal residence. Plaintiff intends to diligently commence process on Defendants at this residential address.

Out of an abundance of caution, the undersigned wishes to inform the Court that John Vincent Baranello, Esq. of Hoses Singer has contacted the undersigned on behalf of the Defendants. In the event that service on the Defendants alternative means is impracticable, the undersigned intends to file an application to serve Defendants through their counsel, pursuant to Fed.R.Civ.P. 4(m)

For all of the foregoing reasons, it is respectfully requested that the Court extend Plaintiff's deadline to serve Defendants to, through and including, October 28, 2022.

Thank you, in advance, for your time and attention to this matter.

> Respectfully submitted,
>
> LEVIN-EPSTEIN & ASSOCIATES, P.C.
>
> By: */s/ Jason Mizrahi*
> Jason Mizrahi, Esq.
> 60 East 42nd Street, Suite 4700
> New York, New York 10165
> Tel. No.: (212) 792-0048
> Email: Jason@levinepstein.com
> *Attorneys for Plaintiff*

VIA ECF: All Counsel

2